UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BONNIE HUNTER,

    Plaintiff,

v.

MEMBERSELECT INSURANCE
COMPANY and OAKWOOD
HEALTHCARE SYSTEM
GROUP HEALTH PLAN,

    Defendants.

Case No. 16-12507

HON. _____
United States District Judge

HON._____
Magistrate Judge

_____

**COMPLAINT**

Now comes Plaintiff Bonnie Hunter, by and through counsel, and for her Complaint against Defendants, alleges as follows:

## Nature of Action

1. This is an action to:

   a. Enforce the terms of a welfare benefit plan administered pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), as authorized under 29 U.S.C. § 1132(a)(3);

   b. Enjoin acts and practices which violate the terms of the ERISA plan, as authorized under 29 U.S.C. § 1132(a)(3); and

   c. To the extent that Plaintiff's funds are subject to an equitable lien imposed by an ERISA benefit plan, require reimbursement by a Michigan no-fault automobile insurance company.

## Jurisdiction and Venue

2. This Court has exclusive jurisdiction over the ERISA claims pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## Parties

5. Plaintiff Bonnie Hunter (hereinafter "Ms. Hunter") is a resident of Wayne County, Michigan.

6. Defendant MemberSelect Insurance Company (hereinafter "MemberSelect") is a Michigan insurance company with its principal office located in Wayne County, Michigan.

7. Defendant Oakwood Healthcare System Group Health Plan (hereinafter "the Oakwood Plan") is a welfare benefit plan administered "solely in the interest of the participants and beneficiaries" of the plan pursuant to ERISA, 29 U.S.C. § 1104(a)(1), and the Oakwood Plan is an entity that may sue or be sued under ERISA, 29 U.S.C. § 1132(d)(1). The administrative office of the Oakwood Plan is located in Wayne County, Michigan.

## General Allegations

8. At all material times, Ms. Hunter has been a participant in the Oakwood Plan.

9. At all material times, Ms. Hunter also has been insured under a contract of Michigan no-fault automobile insurance with MemberSelect, including coverage for personal injury protection (PIP) benefits.

10. On October 20 2012, Ms. Hunter suffered serious injuries in a motor vehicle crash in Westland, Michigan, when a vehicle driven by Alexander McDonnell crashed into the rear end of the car driven by Ms. Hunter.

11. Mr. McDonnell was "super drunk" with a blood alcohol content of .18 at the time he crashed into the rear of Ms. Hunter's car.

12. Two of Ms. Hunter's children, Asiah Hunter and Parris Hunter, as well as Ms. Hunter's niece, Karrea Wright, also suffered injuries in the crash.

13. As a result of the crash, Ms. Hunter suffered serious injuries including but not limited to a paracentral disc herniation and annular tear at the L5-S1 level, radiculopathy, and chronic pain.

14. As a result of the injuries suffered in the October 20, 2012 crash, Ms. Hunter has required extensive medical treatment, and she has incurred numerous medical expenses.

15. Payment of many of Ms. Hunter's expenses has been advanced by the Oakwood Plan.

16. Due to the nature and extent of the injuries suffered in the October 20, 2012 crash, Ms. Hunter has suffered a serious impairment of body function within the meaning of M.C.L. § 500.3135, thereby entitling Ms. Hunter to recover noneconomic damages from Mr. McDonnell.

17. However, the Oakwood Plan's contractors, NGS CoreSource and Xerox Recovery Services, have claimed that the Oakwood Plan is entitled to an equitable lien for reimbursement of the medical expenses it advanced from Ms. Hunter's third-party recovery.

18. As of June 20, 2016, Xerox asserted that the Oakwood Plan has advanced $14,779.68 to satisfy $33,545.00 of provider claims for Ms. Hunter's accident-related medical treatment.

19. The Oakwood Plan contends that it is a self-funded welfare benefit plan administered under ERISA.

20. A 2014 Oakwood Plan document expressly disavows coverage of expenses that are covered by no-fault insurance, declaring: "Coverage under this plan will be secondary to any automobile coverage or personal injury protection coverage available to you and/or your dependent."

21. An earlier version of the Oakwood Plan documents provided to Ms. Hunter took a two-step payment-and-reimbursement approach to this issue with interrelated provisions stating:

   a. "IF: The automobile insurance does have a coordination of benefits provision, THEN: This plan will be primary for any auto related injuries and will coordinate benefits with coverage provided through the automobile insurance policy;" but

b. "Any payment advanced by this plan that is covered by your automobile insurance or any other automobile insurance or which may be obtained through legal action, must be refunded to this plan;" and

22. The Oakwood Plan documents also include a right of reimbursement of plan payments stating: "The plan is designed to only pay covered expenses for which payment is not available from anyone else, including any insurance company or another health plan."

23. The Oakwood Plan also declares that it has an "equitable lien" subject to an important limitation: "The plan shall have an equitable lien against any rights you or your covered dependent may have to recover the same covered expenses from any party, including an insurer or another group health program, but limited to the amount of Reimbursable Payments made by the plan."

24. Importantly, this equitable lien applies only to other recoveries of "the same covered expenses."

25. However, a Michigan statute has abolished tort liability for certain damages, including all damages for medical expenses, that may be incurred as a result of a motor vehicle collision in Michigan. M.C.L. § 500.3135(3).

26. Thus, any tort recovery made by Ms. Hunter for her noneconomic damages cannot include compensation for medical expenses as a matter of law.

27. Therefore, the Oakwood Plan's equitable lien cannot attach to Ms. Hunter's tort recovery because the tort recovery cannot include "the same covered expenses" advanced by the Oakwood Plan.

28. Nevertheless, the Oakwood Plan has persisted in asserting an equitable lien against Ms. Hunter's tort recovery when it should be trying to obtain its reimbursement from MemberSelect.

29. The MemberSelect insurance contract includes PIP coverage for all of Ms. Hunter's allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for her care, recovery, or rehabilitation arising from the October 20, 2012 crash.

30. The MemberSelect insurance contract declarations indicate that its PIP coverage for Ms. Hunter is "coordinated" with a $300 deductible.

31. Under the terms of the MemberSelect insurance contract, this generally means that:

    a. Benefits are excluded to the extent that they are "paid or payable" under primary medical insurance or health care benefit plans providing coverage for motor vehicle accident injuries; and

    b. If other primary protection is not available at the time of loss, amounts payable will be reduced by the $300 deductible.

32. This $300 deductible ensures that MemberSelect receives a benefit for its reduced premium even if there is no other primary coverage.

33. To the extent that it has a right of reimbursement, the expenses advanced by the Oakwood Plan are not "paid or payable" within the meaning of the MemberSelect insurance contract, and they are not subject to coordination as a result.

34. Rather, in this situation, MemberSelect remains responsible for paying Ms. Hunter's allowable expenses, including reimbursement of any advances made by the Oakwood Plan, subject to a $300 deductible.

35. Nevertheless, MemberSelect has refused to accept responsibility for its primary status, and it has refused to reimburse the Oakwood Plan.

36. Unless corrected, this conflict would leave Ms. Hunter without the protection of either her MemberSelect PIP coverage or her health benefits under the Oakwood Plan.

37. Consequently, Ms. Hunter has filed this action to resolve these controversies.

## Count I: Enforcement of ERISA Plan Terms
## Pursuant to 29 U.S.C. § 1132(a)(3)

38. Plaintiff restates all of the preceding allegations as incorporated herein.

39. ERISA authorizes plan participants such as Ms. Hunter to seek appropriate equitable relief to enforce the terms of a benefit plan pursuant to 29 U.S.C. § 1132(a)(3).

40. The Oakwood Plan has provided documents declaring alternatively that:

   a. Its coverage is "secondary to any automobile coverage or personal injury protection coverage" available to Ms. Hunter; and

   b. Any payment advanced by the Oakwood Plan that is covered by automobile insurance "must be refunded to this plan."

41. Applying either provision, MemberSelect's coverage becomes primary under the circumstances of this case, and MemberSelect must reimburse the Oakwood Plan for all applicable advanced expenses.

42. Therefore, it would be appropriate for the Court to enforce the terms of the Oakwood Plan in accordance with 29 U.S.C. § 1132(a)(3), determining that MemberSelect's PIP coverage is primary in the order of priority under the circumstances of this case, and that MemberSelect must reimburse the Oakwood Plan for all applicable advanced expenses.

43. It would also be appropriate for the Court to award Plaintiff the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

Wherefore, Plaintiff requests this Honorable Court to enforce the terms of the Oakwood Plan in accordance with 29 U.S.C. § 1132(a)(3), determining that MemberSelect's PIP coverage is primary in the order of priority and that MemberSelect must reimburse the Oakwood Plan for all applicable advanced expenses, and to award Plaintiff the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

### Count II: Enjoining Acts and Practices Violating ERISA Plan Terms Pursuant to 29 U.S.C. § 1132(a)(3)

44. Plaintiff restates all of the preceding allegations as incorporated herein.

45. ERISA authorizes plan participants such as Ms. Hunter to enjoin any act or practice which violates any provision of ERISA or the terms of an ERISA plan. 29 U.S.C. § 1132(a)(3).

46. The terms of the Oakwood Plan expressly limit its equitable lien to other recoveries of "the same covered expenses."

47. A Michigan statute has abolished tort liability for certain damages, including all damages for medical expenses, that may be incurred as a result of a motor vehicle collision in Michigan. M.C.L. § 500.3135(3).

48. Thus, any tort recovery made by Ms. Hunter for her noneconomic damages cannot include compensation for medical expenses as a matter of law, and the Oakwood Plan's equitable lien cannot attach to Ms. Hunter's tort recovery because the tort recovery cannot include "the same covered expenses" advanced by the Oakwood Plan.

49. Nevertheless, the Oakwood Plan has persisted in asserting an equitable lien against Ms. Hunter's tort recovery despite the fact that it is contrary to plan terms.

50. Therefore, it would be appropriate for the Court to enjoin the Oakwood Plan and its contractors from asserting any equitable lien against Ms. Hunter's tort recovery.

51. It would also be appropriate for the Court to award Plaintiff the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

Wherefore, it would be appropriate for the Court to enjoin the Oakwood Plan and its contractors from asserting any equitable lien against Ms. Hunter's tort recovery, and to award Plaintiff the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

## **Count III: Reimbursement of Tort Lien by MemberSelect**

52. Plaintiff restates all of the preceding allegations as incorporated herein.

53. Under the terms of the MemberSelect insurance contract, its coordination provision is limited in that:

    a. Benefits are excluded to the extent that they are "paid or payable" under primary medical insurance or health care benefit plans providing coverage for motor vehicle accident injuries; and

    b. If other primary protection is not available at the time of loss, amounts payable will be reduced by the $300 deductible.

54. To the extent that it has a right of reimbursement from Ms. Hunters tort recovery, the expenses advanced by the Oakwood Plan are not "paid or payable" within the meaning of the MemberSelect insurance contract, and they are not subject to coordination as a result.

55. Consequently, there is no other primary insurance covering Ms. Hunter, and Ms. Hunter's accident-related expenses are payable by MemberSelect, subject to a $300 deductible.

56. Therefore, it would be appropriate for the Court to determine that Ms. Hunter is entitled to reimbursement from MemberSelect of any expenses she must reimburse to the Oakwood Plan from her tort recovery, subject to a $300 deductible.

Wherefore, Plaintiff requests this Honorable Court to determine that she is entitled to reimbursement from MemberSelect of any expenses she must reimburse to the Oakwood Plan from her tort recovery, and to award her any applicable costs, interest, and attorney fees.

        Respectfully submitted,

        s/Robert B. June
        Robert B. June
        Law Offices of Robert June, P.C.
        Attorney for Plaintiff
        415 Detroit Street, 2nd Floor
        Ann Arbor, MI 48104-1117
        Phone: (734) 481-1000
        Primary E-Mail: bobjune@junelaw.com
        Attorney Bar Number: P51149

Dated: July 5, 2016